UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:23-cv-23568

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANTE OSTEICOECHEA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, the United States of America, complains and alleges as follows:

1. The United States brings this action to collect outstanding civil penalties assessed against Defendant Dante Osteicoechea ("Osteicoechea") for his non-willful failure to timely report his financial interest in a foreign bank account from 2012 through 2015, as required by 31 U.S.C. § 5314 and its implementing regulations. The United States also seeks to collect interest, penalties, and fees on such penalties.

2. This action is authorized by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States of America, in accordance with 31 U.S.C. § 5321(b)(2) and 31 U.S.C. § 3711(g)(4)(C).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because this action arises under a federal statute, the United States is the plaintiff, and the action seeks recovery of civil penalties.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c)(1) and 1395(a) because, upon information and belief, Osteicoechea is domiciled in this district as he resides in Doral, Miami-Dade County, Florida.

## BACKGROUND

5. Osteicoechea was born in Punto Fijo, Venezuela and lived there until 2009.

6. Osteicoechea worked for a company called the MMR Group, Inc. from 1995 to 2015. MMR Group, Inc. transferred Osteicoechea to the United States in 2009.

7. Upon relocating to the United States in 2019, Osteicoechea and his wife moved to Metairie, Louisiana. While in Louisiana, Osteicoechea earned a bachelor's degree in electrical engineering from Louisiana State University. In 2013, Osteicoechea moved to Doral, Florida.

8. As a resident of the United States, Osteicoechea is a "United States person" pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350(b)(2).

9. Osteicoechea is the account holder of, or has signatory authority over, foreign bank accounts. The accounts are either solely owned by Osteicoechea, jointly

owned by Osteicoechea and his wife, or owned by Roalne, CA, a foreign corporation owned by Osteicoechea and his wife.

10.     The highest balance for each foreign account for each year at issue was as follows:

| Bank Name & Last 4 Digits of Account No. | Highest Balance 2012 | Highest Balance 2013 | Highest Balance 2014 | Highest Balance 2015 | Account Holder |
|---|---|---|---|---|---|
| Banco Nacional de Credito 4003 | $12,514.00 | $8,937.00 | $8,409.00 | $24,310.00 | Osteicoechea |
| RBC Royal Bank 8290 | $60,098.00 | $51,467.00 | $15,958.00 | $4,008.00 | Osteicoechea |
| Provincial 1429 | $12,047.00 | $6,176.00 | $17,340.00 | $1,228,549.00 | Osteicoechea |
| Mercantil 6379 | $22,166.00 | $19,402.00 | $38,260.00 | $112,332.00 | Osteicoechea and wife |
| Banesco 8888 | $23,080.00 | $10,907.00 | $60,523.00 | $641,935.00 | Osteicoechea |
| Banco del Tesoro 0668 | $24.00 | $64,777.00 | $80,443.00 | $641,935.00 | Osteicoechea |
| Provincial 4434 | $44,039.00 | $15,134.00 | $2,446.00 | $2,439.00 | Roalne CA |
| Banesco 3233 | $24,498.00 | $584,726.00 | $851,149.00 | $828,634.00 | Roalne CA |
| Banco Nacional de Credito 8889 | $232.00 | $247,746.00 | $191,277.00 | $19,479.00 | Roalne CA |
| Mercantil 9151 | $0.00 | $4,418.00 | $5,697.00 | $5,605.00 | Osteicoechea |
| Banesco 8402 | $0.00 | $0.00 | $118,282.00 | $525,307.00 | Roalne CA |
| Banco del Tesoro 0605 | $0.00 | $0.00 | $0.00 | $137,256.00 | Roalne CA |
| BNC Curazao 3549 | $0.00 | $0.00 | $0.00 | $19,909.00 | Osteicoechea |
| Mercantil 3902 | $0.00 | $0.00 | $0.00 | $607,571.00 | Roalne CA |

11.     Osteicoechea had a financial interest in, or signature or other authority over each of the above referenced foreign bank accounts.

12.     The Secretary of the Treasury is authorized by 31 U.S.C. § 5314 to require United States persons to report certain transactions with foreign financial agencies.  Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank,

3

securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a). A "United States person" includes a resident of the United States. *Id.* § 1010.350(b)(2).

13. To fulfill this reporting requirement for the 2012 calendar year, filers were required to submit a Report of Foreign Bank and Financial Accounts Form TD F 90-22.1. Beginning with the 2013 calendar year, filers were required to electronically submit a Financial Crimes Enforcement Network (FinCEN) Form 114 through the Bank Secrecy Act E-Filing Network Website. These forms are both commonly known as an "FBAR." For 2012 through 2015, an accurate FBAR "shall be filed with FinCEN on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

14. Osteicoechea failed to timely file FBARs for 2012 through 2015.

15. A failure to comply with the reporting requirements of § 5314 – *i.e.*, not timely filing an FBAR despite having an obligation to do so – subjects the violator to the imposition of civil penalties under 31 U.S.C. § 5321(a)(5). Unless the violation is willful, the maximum amount of the penalty that may be assessed is $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B)(i).

**Count I – Judgment for Civil Penalties for Failing to Report Foreign Bank Account**

16. The United States reasserts the allegations in paragraphs 1 through 15.

17. From 2012 through 2015, Osteicoechea had a financial interest in, or signature or other authority over, several foreign bank accounts. *See* ¶¶ 11-12. The balance in Osteicoechea's foreign accounts exceeded $10,000.00 in each year from 2012 to 2015.

18. The foreign financial account described in ¶¶ 11-12 is considered a financial account in a foreign country for purposes of 31 U.S.C. §§ 5314, 5321(a)(5).

19. Osteicoechea failed to report the foreign financial account in a timely filed FBAR for calendar years 2012 through 2015, despite his obligation to do so.

20. Based on Osteicoechea's non-willful failure to timely file FBARs reporting his financial interest in, or signature or other authority over, his foreign bank accounts for 2012 through 2015, a delegate of the Treasury Secretary assessed the following penalties pursuant to 31 U.S.C. § 5321(a)(5):

| Tax Year | Assessment Date | Penalty Amount |
|---|---|---|
| 2012 | September 20, 2021 | $10,000.00 |
| 2013 | September 20, 2021 | $10,000.00 |
| 2014 | September 20, 2021 | $10,000.00 |
| 2015 | September 20, 2021 | $10,000.00 |
| **Total Amount Assessed** | | **$40,000.00** |

21. On November 3, 2021, a delegate of the Treasury Secretary gave Osteicoechea notice and demand for payment of the penalty assessments for 2012 through 2015.

22. The assessed FBAR penalties are proper and fall within the civil penalty limits imposed by 31 U.S.C. § 5321(a)(5)(B)(i).

23. Despite the notice and demand for payment, Osteicoechea has failed to pay the 2012 through 2015 FBAR penalties assessed against him. Thus, interest and other statutory additions continue to accrue on the unpaid assessments under 31 U.S.C. § 3717(a) and (e).

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court:

(a) Enter judgement in favor of the United States and against Dante Osteicoechea in the amount of $45,162.75 as of September 7, 2023, for the assessed non-willful FBAR penalties against him under 31 U.S.C. § 5321(a)(5), plus interest, penalties, and other statutory additions to those amounts accruing after that date to the date of payment pursuant to 31 U.S.C. § 3717; plus post-judgment penalties under § 3717(e) and interest pursuant to 28 U.S.C. § 1961(a); and

(b) Award such other relief as may be available under the law.

Dated: September 18, 2023.                  Respectfully Submitted,

David A. Hubbert
Deputy Assistant Attorney General

By:  */s/ Bensen V. Solivan*
BENSEN V. SOLIVAN
Special Bar No. A5503055
Massachusetts Bar No. 657364
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031

Facsimile: (202) 514-4963
E-Mail: Bensen.Solivan@usdoj.gov
*Counsel for the United States of America*

*Of Counsel:*

Markenzy Lapointe
United States Attorney
Southern District of Florida